UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| KIM ROLENE HUTTERER, | Case No. 18-CV-2178 (PJS/HB) |
|---|---|
| Petitioner, | |
| v. | ORDER |
| WARDEN, NANETTE BARNES, | |
| Respondent. | |

---

Kim R. Hutterer, pro se.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondent.

This matter is before the Court on petitioner Kim Hutterer's objection to the September 11, 2018 Report and Recommendation ("R&R") of Magistrate Judge Hildy Bowbeer. Judge Bowbeer recommends dismissing Hutterer's habeas petition under 28 U.S.C. § 2241 without prejudice for lack of jurisdiction and denying her application to proceed *in forma pauperis* as moot. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R.

Only one matter merits comment. In her initial petition, Hutterer alleged that her due-process rights were violated by the sentencing court and stated that she was relying on a new Supreme Court decision to support her argument, but Hutterer did not identify that new Supreme Court decision. *See* ECF No. 1. Judge Bowbeer properly

concluded that Hutterer failed to establish that 28 U.S.C. § 2255 was inadequate or ineffective, and thus that Hutterer should bring her claim invoking this new Supreme Court decision under § 2255, not § 2241.  ECF No. 4 at 1-2.  Now, in her objection, Hutterer identifies the new Supreme Court decision:  *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  ECF No. 5 at 3.  Hutterer contends that *Dimaya* is a statutory-interpretation case (not a constitutional case), and thus that § 2255 is inadequate and ineffective and that § 2241 is the proper vehicle for her claim.  *Id.*  Many circuits have held that § 2255 is indeed inadequate and ineffective for certain[1] claims relying on a new retroactive rule of statutory interpretation, but Hutterer nevertheless cannot establish inadequacy for at least two reasons.

First, Hutterer has not previously filed a § 2255 petition.  Many circuits have held that if a petitioner has already filed a § 2255 petition, and if she is relying on a new

---

[1]There is an "entrenched split among the courts of appeals regarding the extent to which a change in statutory interpretation permits a federal prisoner to resort to § 2241 for an additional round of collateral review."  *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 177 (3d Cir. 2017); *see also Rojas v. Shartle*, No. CV-16-00509-TUC-CKJ, 2017 WL 4238735, at *4-6 (D. Ariz. Sept. 25, 2017) (collecting cases and discussing).  The Eighth Circuit has not explicitly held when, if ever, § 2255 is inadequate or ineffective for a petitioner who has previously filed a § 2255 petition and now wants to collaterally attack her sentence on the basis of a new statutory-interpretation case.  *See Abdullah v. Hedrick*, 392 F.3d 957, 960-63 (8th Cir. 2004) (discussing other circuits' decisions, but not explicitly making one itself).  This is of no moment here, since Hutterer's petition fails to meet the two most basic requirements of any circuit's exception:  she is not bringing a second or successive petition, and she is not relying on a new statutory-interpretation rule (but instead a new constitutional rule).

retroactive rule of statutory interpretation adopted by the Supreme Court, § 2255 may—if other circuit-specific factors are met—be inadequate and ineffective, and thus the petitioner may be able to bring her claim under § 2241.  *See, e.g.*, *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016); *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997).  *But see McCarthan v. Dir. of Goodwill Indus. Suncoast, Inc.*, 851 F.3d 1076, 1080 (11th Cir. 2017) (holding that a new statutory interpretation does not render § 2255 inadequate or ineffective for petitioners seeking to file a second or successive petition); *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) (same).

Those courts of appeals that have allowed such successive claims to be brought under § 2241 have done so because § 2255(h)—which authorizes a petitioner to file a second or successive § 2255 petition under certain circumstances—does not apply to petitions invoking new *statutory-interpretation* rules, but only to petitions invoking new *constitutional* rules.  *See* 28 U.S.C. § 2255(h)(2) (providing that a petitioner may be able to bring a second or successive § 2255 petition if her petition invokes "a new rule of *constitutional law*, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (emphasis added)).  Thus, a petitioner who has

already filed a § 2255 petition and now wants to attack her sentence on the basis of a new *statutory-interpretation* rule would have no way to bring her claim under § 2255—making § 2255, in the eyes of many circuits, inadequate and ineffective in such a situation.

All of this is irrelevant here, though, because Hutterer has not previously filed a § 2255 petition. Accordingly, Hutterer *is* able to file a § 2255 petition challenging her sentence by virtue of § 2255(f)(3), which—unlike § 2255(h)(2)—is not limited to new constitutional rules. Instead, § 2255(f)(3) applies more generally to "*right[s]. . .* newly recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3) (emphasis added). Thus, § 2255 is the proper vehicle for Hutterer's claim.

Second, Hutterer is, in fact, relying on a *constitutional* rule (not a statutory-interpretation rule). *Dimaya*, 138 S. Ct. at 1214-16 (holding that 18 U.S.C. § 16(b) is unconstitutional under the Due Process Clause). Accordingly, even if Hutterer had already filed a § 2255 petition—and thus could not bring her claim under § 2255(f)(3)—§ 2255 would still be the proper vehicle for Hutterer's claim. *See* 28 U.S.C. § 2255(h)(2) (providing an opportunity to file a second or successive petition that invokes "a new rule of constitutional law. . .").

Given all of this, Hutterer has not established that § 2255 is inadequate or ineffective and therefore her § 2241 petition must be dismissed for lack of jurisdiction. *Abdullah*, 392 F.3d at 959.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [ECF No. 4]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Hutterer's § 2241 petition [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

2. Hutterer's application to proceed *in forma pauperis* [ECF No. 2] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 26, 2018      s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge